# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELLIS, SR., <br><br> Plaintiff, <br><br> v. <br><br> KERN COUNTY SHERIFF DEPARTMENT, et al., <br><br> Defendants. | Case No. 1:22-cv-01209-SAB (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF KERN COUNTY SHERIFF'S DEPARTMENT <br><br> (ECF No. 9) |

Plaintiff Charles Ellis, Sr., is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed November 7, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names sergeant Escandon, the County of Kern, and the Kern County Sheriff's Department, as Defendants. The incidents at issue in this action took place at Lerdo County Jail.

Plaintiff has been treated for knee in the county jail since March 2021. Medical staff have noted considerable swelling to Plaintiff's left knee and on several occasions have had to send Plaintiff out to have fluid drained from his left knee in order to supply comfort. This has been ongoing continuously, and at times once a month. Jail doctors decided to try and find the cause of Plaintiff's knee injury and scheduled an appointment with an orthopedic specialist to assist in finding the cause.

1     After Plaintiff's regular scheduled visit with the orthopedic specialist, he was returned to
2 the jail to await the results and recommendations.  Plaintiff was called to the facility medical area
3 and was seen by the facility doctor who said the orthopedic specialist did not visibly see any
4 reason for the fluid and swelling and the x-ray did not reveal anything.  The orthopedical
5 recommended temporary remedies and an MRI was scheduled.

6     Plaintiff was told by the facility doctors that the orthopedic specialist wanted him to use
7 crutches in order to comply with his order to be non-weight bearing on his left knee.  It was
8 recommended that Plaintiff try to elevate his leg as much as possible until an MRI was
9 conducted.  The facility doctors asked Plaintiff if he was willing to use to crutches and Plaintiff
10 agreed.  At around 8:00 p.m. that same night, the nurse provided a medical chrono indicating
11 Plaintiff was to receive crutches and a leg wrap.  However, the chrono was denied by sergeant
12 Escandon with a notation that crutches were denied because Plaintiff was observed walking on
13 camera.  At that time, Plaintiff was indeed walking, but it was visual to any person that Plaintiff
14 limped and was in obvious pain.   It would be clear to see that Plaintiff was barely able to walk
15 or put weight on his leg due to his injury.  Sergeant Escandon put Plaintiff at risk of causing
16 further harm and serious pain as he took it upon himself to disregard the medical
17 recommendation for use of crutches.

18     Pursuant to Kern County policy high ranking custody staff can approve or disapprove
19 prescriptions prescribed by facility doctors and caregivers.   This policy allowed sergeant
20 Escandon to fail to act in Plaintiff's favor causing deliberate indifference.

**III.**

**DISCUSSION**

**A.     Denial of Medical Device**

"The Cruel and Unusual Punishments Clause[, under the Eighth Amendment,] was designed to protect those convicted of crimes." Whitley v. Albers, 475 U.S. 312, 318 (1986) (internal quotation marks and citation omitted). In contrast, "[c]laims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Bell v.

3

Wolfish, 441 U.S. 520, 535 n.16 (1979)). The Supreme Court has explained a Fourteenth Amendment claim is subject to a different standard than a claim under the Eighth Amendment's Cruel and Unusual Punishment Clause because the language and nature of the claims often differ, and "most importantly, pretrial detainees (unlike convicted prisoners) cannot be punished at all." Kinsley v. Hendrickson, 576 U.S. 389, 400 (2015). The Supreme Court held that, in contrast to the subjective standard in an Eighth Amendment excessive force case, "an objective standard is appropriate in the context of excessive force claims brought by pretrial detainees pursuant to the Fourteenth Amendment." Id. at 402.

The Ninth Circuit has extended the Kingsley objective standard to failure to protect and § 1983 medical care claims by pretrial detainees. Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (pre-trial detainee claims for violations of the right to adequate medical care must be evaluated under an objective deliberate indifference standard); Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (applying Kingsley objective standard to failure to protect claims).  Thus, to bring a pretrial detainee's failure to protect or inadequate medical care claim under the Fourteenth Amendment, a plaintiff must establish:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon, 888 F.3d at 1125; Castro, 833 F.3d at 1071. In contrast to the knowing and purposeful state of mind in the first element, the remaining elements require an objective standard. See Castro, 833 F.3d at 1070-71. Specifically, the third element must be viewed on each case's particular facts and circumstances, and the plaintiff must prove the defendant acted with "more than negligence but less than subjective intent – something akin to reckless disregard." Gordon, 888 F.3d at 1125 (quoting Castro, 833 F.3d at 1071).

Liberally construing Plaintiff's allegations that crutches were recommended by the orthopedic specialist and that the camera footage clearly depicts him limping in pain while

4

walking, the Court finds he states a cognizable claim against Defendant Escandon.

**B.     County of Kern Liability**

City or county governments, including departments within them such as the Sheriff's Department, cannot be held liable under section 1983 for the acts of an employee. Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 691 (1978). In order to state a section 1983 claim against the Sheriff's Department as a whole, plaintiff would have to allege that a department policy or custom caused his injuries. Hyun Ju Park v. City & Cty. of Honolulu, 952 F.3d 1136, 1141 (9th Cir. 2020). This could be demonstrated by an unconstitutional policy, or that the department "through inaction, failed to implement adequate policies or procedures to safeguard" the constitutional rights of jail detainee. Id.  In order to hold the sheriff's department liable for a failure to act, plaintiff would need to demonstrate that the department "exhibited deliberate indifference" to the violation of his rights. Id.  A municipality is deliberately indifferent to the violation of constitutional rights where it has a policy that is "obviously, facially deficient," or where there is a "pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." Id. at 1142.

Here, liberally construed, Plaintiff has stated a cognizable claim against the County of Kern based on the alleged policy that allowed sergeant Escandon to deny Plaintiff's medical device, despite the medical recommendation to the contrary.  However, Plaintiff's claim against the Kern County Sheriff's Department shall be dismissed as duplicative and redundant of the claim against the County. See, e.g., Spears v. El Dorado Cty. Sheriff's Dep't, No. 2:15-cv-0165 AC P, 2019 WL 1043105, at *3 (E.D. Cal. Mar. 5, 2019) (quoting Vance v. Cty. of Santa Clara, 928 F. Supp. at 996) ("The County is a proper defendant in a § 1983 claim, an agency [such as the Sheriff's Department] of the County is not."); see also Brown v. Cty. of Kern, No. 1:06-cv-001210-OWW-TAG, 2008 WL 544565, at *3 (E.D. Cal. Feb. 26, 2008) ("A suit against ... Kern County Sheriff Deputies, in their official capacities is the same as a suit against the payor of any damages that may be awarded, therefore the proper defendant is Kern County.").

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The instant action proceed against Defendant Escandon and County of Kern for violation of the Fourteen Amendment; and

2. The Kern County Sheriff's Department be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 8, 2022**

UNITED STATES MAGISTRATE JUDGE