UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELLIS, SR., | No. 1:22cv-01209-JLT-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| KERN COUNTY SHERIFF DEPARTMENT, et al., | (ECF No. 21) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant County of Kern's motion to dismiss, filed April 13, 2023. (ECF No. 21.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's excessive force claims in violation of the Fourteenth Amendment against Defendants Escandon and County of Kern.

As stated above, Defendant County of Kern filed the instant motion to dismiss on April 13, 2023. (ECF No. 21.) Plaintiff filed an opposition on June 26, 2023, and Defendant filed a reply on July 3, 2023. (ECF Nos. 28, 29.) Plaintiff filed a sur-reply on August 14, 2023. (ECF

1

No. 30.)

## II.

## DISCUSSION

### A.     Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B.     Allegations of First Amended Complaint

Plaintiff has been treated for knee in the county jail since March 2021.  Medical staff have noted considerable swelling to Plaintiff's left knee and on several occasions have had to send Plaintiff out to have fluid drained from his left knee in order to supply comfort.  This has been ongoing continuously, and at times once a month.  Jail doctors decided to try and find the cause of Plaintiff's knee injury and scheduled an appointment with an orthopedic specialist to assist in

1  finding the cause.

2        After Plaintiff's regular scheduled visit with the orthopedic specialist, he was returned to
3  the jail to await the results and recommendations.  Plaintiff was called to the facility medical area
4  and was seen by the facility doctor who said the orthopedic specialist did not visibly see any
5  reason for the fluid and swelling and the x-ray did not reveal anything.  The orthopedical
6  recommended temporary remedies and an MRI was scheduled.

7        Plaintiff was told by the facility doctors that the orthopedic specialist wanted him to use
8  crutches in order to comply with his order to be non-weight bearing on his left knee.  It was
9  recommended that Plaintiff try to elevate his leg as much as possible until an MRI was conducted.
10 The facility doctors asked Plaintiff if he was willing to use to crutches and Plaintiff agreed.  At
11 around 8:00 p.m. that same night, the nurse provided a medical chrono indicating Plaintiff was to
12 receive crutches and a leg wrap.  However, the chrono was denied by sergeant Escandon with a
13 notation that crutches were denied because Plaintiff was observed walking on camera.  At that
14 time, Plaintiff was indeed walking, but it was visual to any person that Plaintiff limped and was in
15 obvious pain.   It would be clear to see that Plaintiff was barely able to walk or put weight on his
16 leg due to his injury.  Sergeant Escandon put Plaintiff at risk of causing further harm and serious
17 pain as he took it upon himself to disregard the medical recommendation for use of crutches.

18       Pursuant to Kern County policy high ranking custody staff can approve or
19 disapprove prescriptions prescribed by facility doctors and caregivers.  This policy allowed
20 sergeant Escandon to fail to act in Plaintiff's favor causing deliberate indifference.

21       **C.**     **Plaintiff's Sur-Reply**

22       Parties do not have the right to file surreplies and motions are deemed submitted when the
23 time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to file
24 a surreply with disfavor.  Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1
25 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D.
26 Ga. 2005)).  However, district courts have the discretion to either permit or preclude a surreply.
27 See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district
28 court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County

3

1   School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in

2   denying leave to file surreply where it did not consider new evidence in reply).

3         Here, in the interest of justice, the Court will permit the filing of the sur-reply by Plaintiff

4   to be considered when ruling on the instant motion to dismiss.

5         **D.**      **Defendant's Motion to Dismiss**

6         The County of Kern moves to dismiss Plaintiff's claim for municipal liability against the

7   County alone.  The County argues that Plaintiff has failed to allege that the County of Kern's

8   policy amounts to deliberate indifference to his constitutional rights and the policy was the

9   moving force behind the alleged constitutional violation.

10        Plaintiff argues that the County of Kern has a policy in place which allows high ranking

11  prison officials to disapprove of medical professional's recommendations for equipment,

12  treatment and prescriptions for improper reasons and/or without sufficient investigation.  The

13  policy provides the guideline for custody staff to review medical professional's

14  recommendations.

15        City or county governments, including departments within them such as the Sheriff's

16  Department, cannot be held liable under section 1983 for the acts of an employee. Monell  v.

17  Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 691 (1978). In order to state a section

18  1983 claim against the Sheriff's Department as a whole, plaintiff would have to allege that a

19  department policy or custom caused his injuries.  Hyun Ju Park v. City & Cty. of Honolulu, 952

20  F.3d 1136, 1141 (9th Cir. 2020). This could be demonstrated by an unconstitutional policy, or

21  that the department "through inaction, failed to implement adequate policies or procedures to

22  safeguard" the constitutional rights of jail detainee. Id.  In order to hold the sheriff's department

23  liable for a failure to act, plaintiff would need  to demonstrate that the department "exhibited

24  deliberate indifference" to the violation of his rights. Id.  A municipality is deliberately indifferent

25  to the violation of constitutional rights where it has a policy that is "obviously, facially deficient,"

26  or where there is a "pattern of prior, similar violations of federally protected rights, of which the

27  relevant policymakers had actual or constructive notice." Id. at 1142.

28  ///

4

Plaintiff's allegations clearly state that the policy at issue allows high ranking custody staff to approve or disapprove of the use of medical devices and/or prescriptions by facility doctors and caregivers resulting in deliberate indifference to inmates.  More specifically, the policy allowed a sergeant (custody staff) to fail to act in Plaintiff's favor causing deliberate indifference.  In essence, Plaintiff's claim is that Kern County policy *allows* custody staff to disapprove of a doctor's prescription for *unauthorized* reasons.  It is reasonable to infer, at the pleading stage, that Kern County applied the *express* policy (which has been place for several years) on a regular basis as it was referenced in Plaintiff's inmate appeal response as the reason for the denial.  Defendant argues that the policy at issue is not facially unconstitutional merely because it allows non-medical jail staff to deny prescriptions to detainees made by medical personnel.  However, Defendant's argument assumes facts that are not in evidence.  The determination of whether Plaintiff will be able to *prove* his claim is a determination that cannot be made by way of a Rule 12(b)(6) motion.  See, e.g., Powers v. Hamilton Cty. Pub. Def. Comm'n, 501 F.3d 592, 599, 606, 613 (6th Cir. 2007) ("[T]he evidence showed at least a disputed question of fact as to the existence of its alleged policy or custom...."); Surprenant v. Rivas, 424 F.3d 5, 21 (1st Cir. 2005) ("O'Mara challenges the very existence of the interdicted policy, custom, or practice. Proving the existence of a policy, custom, or practice normally entails questions of fact." (citation omitted) ); Wallis v. Spencer, 202 F.3d 1126, 1136 (9th Cir. 1999 )("In order to avoid summary judgment, a plaintiff need only show that there is a question of fact regarding whether there is a city custom or policy that caused a constitutional deprivation."); Gregory v. City of Rogers, 921 F.2d 750, 757 (8th Cir. 1990) ("[A]ppellants have raised material questions of fact whether it was the custom of the Rogers Police Department that officers could use their discretion in deciding whether or not to arrest intoxicated individuals, despite the state statute requiring their arrest."); Dixon v. Cty of Cook, 819 F.3d 343, 348 (7th Cir. 2016) (summary judgment on a plaintiff's Monell claim for inadequate medical treatment inappropriate if a fact-finder could find "systemic and gross deficiencies in staffing, facilities, equipment, or procedures in a detention center's medical care system" and that "a policy-making official knows about them and fails to correct them."); Fancher v. Barrientos, No. Civ. 11-118 LH/LAM, 2013 WL 8600085, at *4

(D.N.M. Aug. 19, 2013) (Hansen, J. )("[A]t this time the record is unclear and it remain a question of fact as to which policy was in place."). Accordingly, when viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently stated that the County's policy of allowing custody staff to disapprove of medical professional's recommendations was the moving force behind Plaintiff's claim of deliberate indifference, and the motion to dismiss should be denied.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant County of Kern's motion to dismiss be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 17, 2023**

UNITED STATES MAGISTRATE JUDGE